**In re: Timothy Doyle YOUNG, Petitioner.**

No. 10–1331.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P. May 13, 2010.

Opinion filed: June 1, 2010.

Timothy Doyle Young, Florence USP Admax, Florence, CO, pro se.

U.S. Atty. Phila, Office of United States Attorney, Philadelphia, PA, for United States of America.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

### OPINION

PER CURIAM.

Timothy Doyle Young is housed in the custody of the United States Bureau of Prisons ("BOP") at the "supermax" facility

in Florence, Colorado.[1] He is a "three-striker" under the Prison Litigation Reform Act ("PLRA") and is thus barred from filing civil suits *in forma pauperis* without first establishing a threat of imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Young filed the instant mandamus petition to have this Court declare the following laws unconstitutional: the "finality clause" of the Judicial Conduct Act and three provisions of the PLRA, including its three-strikes provision.[2] Young has also moved for appointment of counsel, an "emergency ruling" on his mandamus petition, and "a stay of the dismissal of this case."

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). Its "traditional use ... has been 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *In re School Asbestos Litig.*, 977 F.2d 764, 773 (3d Cir.1992) (citation omitted). As such, there should be some underlying, within-circuit district court proceeding or order being challenged by the mandamus petitioner. *See Madden v. Myers*, 102 F.3d 74, 76–77 (3d Cir.1996) ("A writ of mandamus ... constitutes a procedural mechanism through which a court of appeals reviews a carefully circumscribed and discrete category of district court orders."); *see also Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) ("The common-law writ of mandamus *against a lower court* is codified at 28 U.S.C. § 1651(a) ....") (emphasis added); *Rodgers v. U.S. Steel Corp.*, 508 F.2d 152, 161 (3d Cir.1975) ("The power to issue such writs in aid of our potential appellate jurisdiction comprehends our responsibility for the orderly and efficient administration of justice *within the circuit.*") (emphasis added).

Here, there is no underlying district court proceeding or order in this circuit about which Young complains. In fact, it does not appear that Young has *ever* been a party in a legal action in this circuit prior to the mandamus petition at issue.[3] We have no power to issue writs with respect to a matter not within our jurisdiction. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir.1962) (per curiam).

Accordingly, we will deny Young's mandamus petition. Young's pending motions are denied.

---

**1.** "Supermax facilities are maximum-security prisons with highly restrictive conditions, designed to segregate the most dangerous prisoners from the general prison population." *Wilkinson v. Austin*, 545 U.S. 209, 213, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005).

**2.** Similar claims were improperly raised by Young in one of his recent habeas petitions. *See Young v. United States*, 2010 WL 1506545, *2 (D.Mass. April 12, 2010).

**3.** This should not be read as an invitation, and we note that Young has worn out his welcome elsewhere. *See Young v. United States*, 88 Fed.Cl. 283, 291 (2009) ("The plaintiff continues to inundate the courts of the United States with his repetitive filings without waiting for a response from the courts. Mr. Young has made himself an example of the type of plaintiff Congress was trying to address when it enacted the [PLRA].")